## THOMPSON v. PERRYMAN.

(Court of Civil Appeals of Texas. Austin. Oct. 18, 1911. Rehearing Denied Nov. 29, 1911.)

1. COURTS (§ 121*)—COUNTY COURTS—JURISDICTION.

The county court is without jurisdiction of an action for a money judgment for less than $100, unless the amount is secured by a lien on property worth more than $200.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 121.*]

2. CHATTEL MORTGAGES (§ 240*)—WAIVER OF LIEN.

Where a chattel mortgagor sold a part of the mortgaged chattels and settled with the mortgagee therefor, the mortgagee waived his lien on the chattels sold.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 505, 506; Dec. Dig. § 240.*]

3. COURTS (§ 122*)—COUNTY COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

An amended petition in the county court, which alleges that since the institution of the action defendant has paid off a $75 note secured by a chattel mortgage, renders the allegations in the original petition as to the execution of such note and mortgage ineffective to show the existence of a lien sufficient to confer jurisdiction on the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

4. COURTS (§ 122*)—COUNTY COURTS—JURISDICTION—PETITION.

A petition in the county court, which seeks a money judgment for less than $100, and which alleges that defendant had executed to plaintiff a $250 note secured by a chattel mortgage on five bales of cotton, a horse, and a harness, that the cotton had been sold by the mortgagor and a settlement had therefor, that since suit brought plaintiff has sued out a writ of sequestration levied on property not covered by the mortgage, and which fails to allege the value of the property mortgaged and to show that a lien exists on property worth more than $200,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

fails to state a, cause of action within the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

Appeal from Hill County Court; Horton B. Porter, Judge.

Action by J. R. Thompson, Sr., against B. F. Perryman. From a judgment sustaining a general demurrer and special exceptions to the petition, plaintiff appeals. Affirmed.

F. P. Works, for appellant.

KEY, C. J. This is an appeal from the judgment of the county court sustaining a general demurrer and certain special exceptions to the plaintiff's petition.

[1] The petition sought a moneyed judgment for only $91.34, and, of course, the county court was without jurisdiction, unless the petition showed that the amount sought to be recovered was secured by a lien upon property of the value of more than $200. This the trial court held was not done, and we sustain that ruling. The petition alleged that the defendant, B. F. Perryman, had executed to the plaintiff a $250 note secured by a chattel mortgage on five bales of cotton, one horse, and a set of harness.

[2] But it was further shown by the petition that the cotton referred to had been sold by Perryman and a settlement had between him and the plaintiff in reference thereto. Hence it appears from the petition that the plaintiff has waived whatever lien he had on the five bales of cotton.

[3] The first allegations made in the petition in reference to the execution by Perryman of a $75 note to the plaintiff, and the execution of a chattel mortgage to secure the same, are rendered ineffective to show the existence of a lien at the time the amended petition was filed, because the final allegation is "that since the institution of this suit defendant, B. F. Perryman, has paid off and discharged in full said $75 note; hence no relief is herein sought as to same."

[4] Nowhere in the petition does the plaintiff allege the value of the property mortgaged to secure the $250 debt. He alleges that since the institution of the suit he has sued out a writ of sequestration and caused the same to be levied "upon one dark brown mare, about 8 years old, about 15 hands high, and upon the two bales of cotton Nos. 505 and 583 above described." Nowhere in any previous part of the petition were any bales of cotton described as Nos. 505 and 583, or by any other number. It was also alleged that plaintiff estimated the value of the mare to be $100, the cotton $60 per bale, the seed of each bale to be $8, and the harness $10. The plaintiff had transferred the $250 note to a bank and guaranteed its payment. The petition shows that the note had been paid; but the plaintiff claims that through a mistake in settling with Perryman concerning the mortgaged cotton and other matters he had paid to Perryman more than he was entitled to, and that, as Perryman had used the same to pay off the note, he (the plaintiff) was subrogated to the rights of the bank and entitled to enforce the mortgage given to secure the $250 note. If it be conceded that his contention as to subrogation is correct, nevertheless the judgment must be affirmed because his petition does not show that a lien still exists to secure the payment of that note upon property of the value of more than $200, and that he is seeking to foreclose such lien. As above stated, Perryman sold the cotton covered by that mortgage, and the plaintiff acquiesced therein by settling with Perryman for the proceeds of the cotton. Therefore, if he is subrogated to any rights under that mortgage, it applies only to the horse valued at $100 and the harness valued at $10, and, possibly, the seed from the two bales of cotton, valued at $16. The fact that the writ of sequestration has been levied upon two other bales of cotton, not covered by the mortgage referred to, does not show that the plaintiff had a lien on those two bales to secure the $91.-34 sued for.

No error has been shown, and the judgment is affirmed.

Affirmed.